IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL McNEAL,                    *

v.                                 *     CIVIL ACTION NO. JKB-13-1039

MS COCHRAN, *et al.*               *

******

## MEMORANDUM

On April 8, 2013, the court received Michael McNeal's petition under 28 U.S.C. § 2254, attacking his conviction for attempted murder and related charges entered in 2004 by the Circuit Court for Baltimore City and his subsequent 2013 resentencing.[1] ECF No. 1. On May 31, 2013, respondents filed an answer. ECF No. 4. Petitioner was advised of his opportunity to file a reply, ECF No. 5, and has done so. ECF Nos. 6 & 7.

On March 16, 2004, petitioner was found guilty by a jury sitting in the Circuit Court for Baltimore City of attempted murder in the first degree, attempted murder in the second degree, first-degree assault, second-degree assault, use of a handgun in the commission of a crime of violence, and other offenses. *Id.*, Ex. 1-3. On May 13, 2004, he was sentenced to a 40-year term of imprisonment, the first 25 years to be served without parole.[2] *Id.*

Petitioner raised the following claims in his direct appeal to the Maryland Court of Special Appeals:

1. Did the trial court err in denying the motion to suppress appellant's statement to the police?

---
[1] Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

[2] Petitioner's motion for modification of sentence, filed on June 18, 2004, was denied on June 24, 2004. *Id.*, Ex. 1.

1

2. Did the trial court err in granting the State's motion for joinder of the offenses?

3. Was appellant denied his right to a speedy trial, in violation of Maryland Rule 4-271 and the Sixth Amendment of the United States Constitution?

4. Did the trial court err when it instructed the jury regarding its duty to deliberate?

*Id.*, Ex. 3. On October 18, 2005, in an unreported opinion, the Court of Special Appeals affirmed petitioner's conviction. *Id.*, Ex. 3. The court's mandate issued on November 17, 2005. Petitioner did not seek further review on direct appeal. His conviction therefore became final on December 2, 2005. *See* Md. Rule 8-302 (petition for writ of certiorari must be filed no later than 15 days after issuance of mandate by Court of Special Appeals).

On January 9, 2012, petitioner initiated state post-conviction proceedings. *Id.*, Ex. 1. He withdrew the post-conviction petition with prejudice on November 29, 2012. *Id.* Petitioner filed a second petition for post-conviction relief on December 6, 2012, which was withdrawn on December 13, 2012. *Id.*

On November 26, 2012, petitioner's "oral motion to correct illegal sentence" was granted by the Circuit Court for Baltimore City. Petitioner was resentenced on May 8, 2013, and is now parole eligible. *Id.* Petitioner has not appealed the May 8, 2013, resentencing but has filed a motion for modification. *Id.*

Petitioner now maintains that the enhanced sentence imposed by the state court on May 13, 2004, is illegal because it was based on prior convictions that were not attributable to him. ECF No. 1.

Title 28 U.S. C. § 2244(d)[3] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

In *Holland v. Florida,* --- U.S. ----, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations imposed in habeas actions. *Id.* at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[4]

---

[3] This section provides:

>    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>>    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

3

Petitioner had no properly filed collateral proceedings pending in state court which would serve to toll the limitations period from December 2, 2005 to January 9, 2012, when he initiated state post-conviction proceedings. Petitioner offers nothing in support of equitable tolling other than his belief that the statute of limitations to file his habeas petition began to run when his state post-conviction petition was withdrawn. ECF No. 6. He is simply incorrect. A petitioner's ignorance of the legal process or unfamiliarity with the law does not support equitable tolling. *Harris*, 209 F.3d at 325; *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). There were no "extraordinary circumstances" beyond petitioner's control preventing him from complying with the statutory time limit, *see Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), and thus there is no basis for equitable tolling. Petitioner's self-represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find petitioner's arguments for equitable tolling compelling. *Rouse*, 339 F.3d at 248-49 (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). In light of the foregoing, the petition, as it pertains to

petitioner's 2004 conviction and sentence, shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. Petitioner was entitled to review of his claims either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 – 7-301 and § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A.2d 670, 670-71 (Md. 1991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Grayson v. State*, 728 A.2d 1280 (Md. 1999). Petitioner has not yet begun, much less completed, review as it pertains to his 2013 resentencing. To the extent petitioner seeks federal habeas review of his 2013 resentencing, the claim shall be dismissed without prejudice as unexhausted, to allow him to refile that portion of his case after completion of state remedies.[5]

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant...If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v.*

---
[5] The court offers no opinion as to the cognizability of this claim on federal habeas review.

5

*McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

    A separate Order follows.

Aug 22, 2013
Date

James K. Bredar
United States District Judge